IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Cliff Sweet, | : | |
| Plaintiff | : | Civil Action 2:11-cv-01151 |
| v. | : | Judge Marbley |
| Michael J. Astrue, Commissioner of Social Security, | : | Magistrate Judge Abel |
| Defendant | : | |

**ORDER**

This matter is before the Court on plaintiff Cliff Sweet's September 27, 2012 objections to Magistrate Judge Abel's September 24, 2012 Report and Recommendation. The Court, having reviewed the record *de novo*, determines that there is substantial evidence supporting the administrative law judge's determination that plaintiff Cliff Sweet is not disabled within the meaning of the Act.  The Court further finds for the reasons set out below that plaintiff's objections to the Report and Recommendation are without merit.

Plaintiff argues that the administrative law judge's credibility analysis failed to articulate the actual weight given to Sweet's testimony and lacked any detailed explanation of the evidence relied upon to discredit plaintiff. Plaintiff maintains that the administrative law judge's credibility assessment clearly falls short of the procedural requirements of SSR 96-7p.

Plaintiff also argues that the Magistrate Judge erred when he found that plaintiff was required to establish deficits in adaptative functioning as an adult. According to plaintiff, Listing 12.05 only requires that plaintiff show maladaptive functioning that began prior to the age of 22. Plaintiff demonstrated deficits in adaptative behavior in the areas of motor skills, social communication, and community living skills based on his Individualized Education Plan ("IEP") from his senior year of high school. The Magistrate Judge noted that plaintiff's IQ scores improved over time and that he graduated from high school, performed basic mathematics and worked semi-skilled jobs. The Magistrate Judge acknowledged that the administrative law judge did not articulate these factors in his decision, but any error was harmless. Plaintiff maintains that the Magistrate Judge has violated the Sixth Circuit's established principles on the law of harmless error.

The administrative law judge properly considered whether plaintiff's allegations concerning his limitations were credible:

> The undersigned also considered the claimant's testimony but determined that his reported limitations were generally more debilitating than reflected in the objective record or in the opinion evidence. Specifically, the undersigned asked the claimant whether he could do a light job that allowed him to sit or stand at his own will, and the claimant responded he could not because of leg numbness and issues relating to passing out and black spots. However, there was little indication in the record that the claimant had ongoing and persistent leg numbness or an indication that even short amounts of standing would cause him to become dizzy and see spots. Further, the claimant alleged significant limitations in sitting, standing, and walking, but his own testimony indicated he could sit for longer periods and that he could perform some activities of daily living. The severities of the claimant's alleged knee, back, and leg numbness

2

> impairments were not reflected in the objective or opinion evidence presented at hearing. Overall, the evidence supported the conclusions found in the residual functional capacity above.

Doc. 9-2 at PageID #49.)  The administrative law judge properly considered whether plaintiff's allegations were supported by the medical evidence and were consistent with his reported daily activities.

Plaintiff's objections with respect to the Magistrate Judge's conclusion that plaintiff failed to demonstrate that he met the diagnostic description in Listing 12.05 are without merit. The Magistrate Judge correctly noted that there was no evidence supporting a severe mental impairment. Plaintiff has not been diagnosed with mental retardation by any treating source, and the most recent intelligence test scores placed plaintiff in the borderline range of intellectual functioning. It is plaintiff's burden to establish that he satisfies all elements of a listing, and he has failed to do so.

Upon *de novo* review in accordance with the provisions of 28 U.S.C. §636(b)(1)(B), the Court **ADOPTS** the Report and Recommendation.  Plaintiff's motion for summary judgment is **DENIED.**  Defendant's motion for summary judgment is **GRANTED.**  The decision of the Commissioner is **AFFIRMED.**  The Clerk of Court is **DIRECTED** to enter **JUDGMENT** for defendant.  This action is hereby **DISMISSED.**

      s/Algenon L. Marbley
      Algenon L. Marbley
      United States District Judge